ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

DAVID ROWLAND MANUEL,   )
                              )
        Plaintiff,        )
                              )
        v.             )    No. 12-648C
                              )    (Judge Horn)
THE UNITED STATES,      )
                              )
        Defendant.    )
                              )

FILED

NOV 2 6 2012

U.S. COURT OF
FEDERAL CLAIMS

## DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal

Claims (RCFC), defendant, the United States, respectfully requests that the Court dismiss

the complaint of plaintiff, David Rowland Manuel, for lack of subject matter jurisdiction.

Mr. Manuel alleges that the lifetime limits placed on Pell Grants administered by the

Department of Education violate the Civil Rights Act of 1964. This Court does not

possess subject matter jurisdiction to entertain Mr. Manuel's claim. Moreover,

Mr. Manuel has not identified a source of law, separate from the Tucker Act, 28 U.S.C.

§ 1491, that creates a separate right to money damages. Accordingly, we respectfully

request that the Court dismiss Mr. Manuel's complaint. In support of this motion, we

rely upon the complaint and the following brief.

## STATEMENT OF THE CASE

Mr. Manuel states that he was offered a Pell Grant in the amount of $3,500 for

him to attend Long Beach City College, in Long Beach California during the 2012-13

academic year. Compl. ¶ 6.[1] Pursuant to the Consolidated Appropriations Act, 2012, the

lifetime period of eligibility for which students may receive Pell Grants was reduced

---

[1] For the purposes of this motion, we assume the facts stated in the complaint to
be true.

from 18 semesters to 12 semesters. Consolidated Appropriations Act, 2012 § 309 Pub. L. No. 112-74, 125 Stat. 785, 1100 (2011), 20 U.S.C. § 1070a(c)(5). Mr. Manuel's complaint implies that he was determined to be ineligible for the Pell Grant after reaching the 12 semester lifetime limit.

ARGUMENT

I.    <u>Standard Of Review</u>

A challenge to the "court's general power to adjudicate in specific areas of substantive law . . . is properly raised by a 12(b)(1) motion." *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999). In determining whether it has subject matter jurisdiction to entertain a plaintiff's complaint, the Court should presume all undisputed factual allegations to be true and construe all reasonable inferences in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236-37 (1974). If this Court's jurisdiction is challenged, a plaintiff cannot rely merely upon allegations in the complaint, but must instead bring forth relevant, competent proof to establish jurisdiction. See *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936). The plaintiff bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

Pleadings of a *pro se* plaintiff are held to a less stringent standard than those of litigants represented by counsel. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kener*, 404 U.S. 519, 520 (1972). Nevertheless, "[t]he fact that [a plaintiff] acted pro se in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures, if such there be." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). In particular, a *pro se* plaintiff is not excused from the burden of meeting the Court's jurisdictional

2

requirements. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir.

1987). Further, this Court has no duty "to create a claim which [the plaintiff] has not

spelled out in his pleading." *Scogin v. United States*, 33 Fed. Cl. 285, 293 (1995)

(citations omitted).

II.     The Court Of Federal Claims Is A Court Of Limited Jurisdiction

        The jurisdiction of the Court of Federal Claims to entertain claims and grant relief

depends upon the extent to which the United States has waived its sovereign immunity.

*Ledford v. United States*, 297 F.3d 1378, 1381 (Fed. Cir. 2002). Waiver of sovereign

immunity, and hence consent to be sued, must be expressed unequivocally – it cannot be

implied. *Library of Cong. v. Shaw*, 478 U.S. 310, 318 (1986); *United States v. Testan*,

424 U.S. 392, 399 (1976); *United States v. King*, 395 U.S. 1, 4 (1969). In construing a

statute waiving the sovereign immunity of the United States, great care must be taken not

to expand liability beyond that which was explicitly consented to by Congress. *Fidelity

Constr. Co. v. United States*, 700 F.2d 1379, 1387 (Fed. Cir. 1983).

        The jurisdiction of the Court of Federal Claims is established and limited by the

Tucker Act. *See* 28 U.S.C. § 1491. The Tucker Act is a waiver of sovereign immunity,

and it thus must be strictly construed. *United States v. Mitchell*, 445 U.S. 535, 538

(1980). The Act grants the Court "jurisdiction to render judgment upon any claim against

the United States founded either upon the Constitution, or any Act of Congress or any

regulation of an executive department, or upon any express or implied contract with the

United States, or for liquidated or unliquidated damages in cases not sounding in tort."

*Id.* The Tucker Act, however, is merely "a jurisdictional statute; it does not create any

substantive right enforceable against the United States for money damages . . . . [T]he

3

Act merely confers jurisdiction upon it whenever the substantive right exists." *Testan*, 424 U.S. at 398.  Thus, to invoke the jurisdiction of this Court, a plaintiff must "assert a claim under a separate money-mandating constitutional provision, statute, or regulation, the violation of which supports a claim for damages against the United States." *Khan v. United States*, 201 F.3d 1375, 1377 (Fed. Cir. 2000).  A statute or regulation is money-mandating for jurisdictional purposes only if "it can be fairly interpreted as mandating compensation for damages sustained as a result of the breach of the duties it imposes." *United States v. Mitchell*, 463 U.S. 206, 217 (1983).  Unless the statute requires the payment of money damages, there has been no waiver of the Government's sovereign immunity from liability for such damages, and the Court of Federal Claims would not have jurisdiction to entertain the complaint.  *Testan*, 424 U.S. at 399; *United States v. Perri*, 340 F.3d 1337, 1340-41 (Fed. Cir. 2003).

III.     Mr. Manuel Fails To State A Claim Within The Jurisdiction Of This Court

    A.     This Court Lacks Jurisdiction Pursuant To The Civil Rights Act Of 1964

        Title VII of the Civil Rights Act of 1964, as amended, provides the comprehensive, exclusive, and preemptive statutory scheme for reviewing claims of discrimination by Federal employees. *Fausto v. United States*, 16 Cl. Ct. 750, 752-53 (1989).  "Judicial review of those claims rests with the district courts." *Mitchell v. United States*, 44 Fed. Cl. 437, 439 (1999) (citing Fausto, 16 Cl. Ct at 752-53).  Moreover, Congress never intended for the Court of Federal Claims to possess jurisdiction to entertain claims brought pursuant to Title VII, and it is well settled that this Court lacks jurisdiction to entertain actions brought under the statute. *Lee v. United States*, 33 Fed. Cl. 374. 378 (1995); *see also Elkins v. United States*, 229 Ct. Cl. 607, 608 (1981). ("[We]

4

do not have jurisdiction over claims based upon alleged violations of the civil rights laws."). *Phillips v. United States*, 77 Fed. Cl. 513, 519 (2007).

      B.      28 U.S.C. §§ 1331, 1343, and 1391 Do Not Establish Jurisdiction

      Mr. Manuel asserts jurisdiction pursuant to 28 U.S.C. § 1331 (Federal Question jurisdiction) and 28 U.S.C. § 1343 (Civil Rights and Elective Franchise jurisdiction). Compl. ¶ 2. Both Federal Question jurisdiction and Civil Rights jurisdiction are inapplicable in the Court of Federal Claims. In fact, these statutes explicitly create jurisdiction in the district courts, and not the Court of Federal Claims. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction . . . ."); 28 U.S.C. § 1343 ("The district courts shall have original jurisdiction . . . ."). These jurisdictional provisions cannot establish jurisdiction in the Court of Federal Claims. *See, e.g., Cox v. United States*, 105 Fed. Cl. 213, 218 (2012).

      Mr. Manuel also asserts that venue is proper in this court pursuant to 28 U.S.C. § 1391. Compl. ¶ 3. This venue provision is also applicable only to the district courts. 28 U.S.C. § 1391(a)(1) ("this section shall govern the venue of all civil actions brought in district courts . . . ."). Thus, 28 U.S.C. § 1391 also fails to establish jurisdiction in this Court. *Cox*, 105 Fed. Cl. at 218.

      C.      Mr. Manuel Has Not Identified A Money Mandating Statute

      Mr. Manuel attempts to invoke the jurisdiction of this Court by relying upon the Tucker Act in conjunction with Title VII of the Civil Rights Act. Compl. ¶¶ 2, 5. As explained above, the Civil Rights Act cannot not establish jurisdiction in this Court. The only other Federal statute or regulation that can reasonably be read as being implicated in Mr. Manuel's complaint is the Pell Grant program administered by the Department of

Education. However, the Pell Grant program is not money-mandating. As discussed above, the Tucker Act creates no substantive right of recovery against the United States; rather the Act confers jurisdiction upon the United States Court of Federal Claims only when there is an existing substantive right to money currently due and owing. *Testan*, 424 U.S. at 398; *United States v. Connolly*, 716 F.2d 882, 885 (Fed. Cir. 1983)(en banc). Accordingly, for the United States Court of Federal Claims to grant relief, there must be some sort of money-mandating statute or regulation that has been violated. Mr. Manuel does not allege a contract with the United States.[2] The non-contractual claims that may be considered pursuant to the Tucker Act are of two types: first, claims where the plaintiff seeks return of money paid over to the Government; and second, claims where the money has not been paid but the plaintiff asserts that he is entitled to payment from the Treasury. *See Eastport S.S. Corp. v. United States*, 178 Ct. Cl. 599, 605 (1967). Here Mr. Manuel does not allege that he is seeking the return of money paid to the Government. In fact, the normal procedure is for a student to apply for a Pell Grant by submitting the Free Application for Federal Student Aid (FAFSA). Additionally, the Pell Grant program does not establish entitlement for the payment of money from the Treasury. Rather the program provides for grants to college students to cover part of the costs of tuition, fees, room and board, and living expenses.

To the extent Mr. Manuel's complaint could be read as alleging entitlement to payment from the Treasury, Tucker Act jurisdiction is further limited to statutes that mandate compensation by the Federal Government for the damage sustained. *Bowen v.*

---

[2] Mr. Manuel attached a financial aid letter from Long Beach City College to his complaint. To the extent he may assert the existence of a contract based upon that letter, such a contract hypothetically would be with Long Beach City College, and not with the United States.

*Massachusetts*, 487 U.S. 879, 906 n. 42 (1988). Statutes that have been "interpreted as mandating compensation by the Federal Government for the damage sustained" attempt to compensate a particular class of persons for past injuries or labors. *Id.* By contrast, the statutory mandate for Pell Grants is not as compensation for a past wrong, but to subsidize a college education. In fact, the statute provides that Pell Grants are intended to provide a grant that in combination with family and student contributions will meet 75 percent of a student's cost of attending college. 20 U.S.C. § 1070a(b). Thus, Mr. Manuel's suit seeking waiver of the lifetime limit on Pell Grants is not within this Court's jurisdiction because it does not seek compensation for any alleged damage sustained by the Federal Government's limitation on the amount of grants. This Court has consistently held that it is without jurisdiction to enforce other grant programs. *See, e.g., Katz v. Cisneros*, 16 F.3d 1204, 1208–09 (Fed. Cir. 2994) (payment of housing subsidies pursuant to Federal statute and regulations not money damages).

CONCLUSION

For the foregoing reasons, we respectfully request that the Court grant this motion to dismiss for lack of subject matter jurisdiction.

Respectfully submitted,

STUART F. DELERY
Principal Deputy Assistant Attorney General

JEANNE E. DAVIDSON
Director

CLAUDIA BURKE
Assistant Director

DAVID D'ALESSANDRIS
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C.  20044

David.D'Alessandris@usdoj.gov
Tele: (202) 307-0139
Fax:  (202) 514-7969

November 26, 2012                    Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of November, 2012, I caused to be delivered by first-class mail, postage prepaid, a copy of the foregoing "Defendant's Motion to Dismiss" addressed as follows:

David Rowland Manuel
P.O. Box 20471
Long Beach, CA 90801-3471

*Estelle M Brown*